JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-2876 MMM (JCGx) | Date | April 30, 2012 |

| | |
|---|---|
| Title | U.S. Bank, et al. v. Teratyatstryan, et al. |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I. FACTUAL BACKGROUND

Plaintiff U.S. Bank, N.A. as trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-3 Asset-Backed Certificates Series 2006-3 ("U.S. Bank") filed this unlawful detainer action in Los Angeles Superior Court against defendants Vrezh Terastvatstryan, Nona Agayah, and fictitious defendants on February 1, 2012.[1] Defendants are allegedly in possession of real property located at 2228 Nella Vista Avenue, Los Angeles, California 90027 ("the property").[2] On July 20, 2011, a foreclosure sale was held and U.S. Bank took title to the property.[3] Following the sale, U.S. Bank allegedly served a notice to quit on defendants requiring them to vacate the property within three

---

[1] Removal, Docket No. 1 (Apr. 2, 2012), Exh. A ("Complaint") at 1.

[2] Complaint, ¶ 2.

[3] Complaint, ¶ 5; *id.*, Exh. 1 ("Trustee's Deed").

1

days.[4] According to the complaint, the time to deliver possession of the property has elapsed, but defendants continue in possession of the property without U.S. Bank's permission or consent.[5] U.S. Bank seeks possession of the property as well as damages in the amount of $50 per day (the alleged reasonable daily rental value) for each day from July 20, 2011 until defendants relinquishes the property, and the costs of this suit.[6] Defendant Agayan filed a notice of removal on April 2, 2012 attempting to invoke the court's jurisdiction.[7]

## II. DISCUSSION

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action is remanded to Los Angeles Superior Court.

### A. Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in

---

[4] Complaint, ¶ 6.

[5] *Id.*, ¶¶ 7, 8.

[6] *Id.*, ¶ 9; *Id.* at 2, 3.

[7] Removal at 1-3. Plaintiff U.S. Bank has filed a motion to remand, which is on calendar for May 14, 2012. (Motion, Docket No. 4 (Apr. 4, 2012).) As the court remands this matter based on its own examination of the complaint and notice of removal, this motion is denied as moot.

controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). See also *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010). Neither the complaint nor the notice of removal contains any information regarding the citizenship of the parties. Defendant, as the proponent of jurisdiction, bears the burden of demonstrating that the citizenship of the parties is diverse. Defendant's failure to clarify the citizenship of the parties renders the court unable to determine whether this prerequisite to diversity jurisdiction is satisfied. Consequently, this action must be remanded on that basis alone..

Further, 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Apelian v. United States Shoe Corp.*, 664 F. Supp. 1370, 1371 (C.D. Cal. 1987) ("an action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located." See also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which "the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' 28 U.S.C. § 1441(b)"). If defendants are California citizens, which appears likely given the nature of the complaint, they may not invoke the court's diversity jurisdiction in this action.

Even if there were complete diversity of citizenship, moreover, defendants would not meet their burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)). It is clear from information in the record that the amount in controversy does not meet the jurisdictional threshold. U.S. Bank seeks damages of $50 per day from July 20, 2011 for as long as defendants remain in possession.[8] U.S. Bank also alleges that its damages do not exceed $10,000. Given these allegations that the amount in controversy does not exceed $75,000 and the lack of any evidence to the contrary, the court

---

[8]Complaint, ¶ 9; *Id.* at 3.

concludes that the amount in controversy requirement is not met. See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (stating that in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy").

Accordingly, the court finds that there is no basis for exercising diversity jurisdiction over this action.

### D.    Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach,"a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of U.S. Bank's complaint, which alleges only a single unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, *3 (N.D.Cal., 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") citing *Wescom Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D.Cal., 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Agayan asserts that U.S. Bank is a "debt collector," as defined by the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq., "FDCPA"), and that U.S. Bank has violated defendants' rights under the FDCPA. This is a federal defense and, as stated, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ." *Franchise Tax Bd.*, 463 U.S. at 14. Because U.S. Bank's complaint does not present a federal question, the court does not have jurisdiction under 28 U.S.C. § 1331.

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Here, defendants have failed to carry this burden. The notice of removal fails allege an amount in controversy exceeding $75,000, fails to allege the citizenship of the parties, and fails to identify a federal question raised by the complaint. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.